Plaintiff's Complaint

Exhibit K    EPA Debarment letter (undated)



UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

WASHINGTON, D.C. 20460

OFFICE OF MISSION SUPPORT

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

**Energy Transfer L.P.**
**ETC Northeast Pipeline LLC**
**Sunoco Pipeline L.P.**
**LE GP, LLC**
8111 Westchester Drive #600
Dallas, TX 75225-6142

**SemGroup, LLC**
c/o Corporation Service Company, Registered Agent
10300 Greenbriar Place
Oklahoma City, OK 73159

RE:   Notice of Proposed Debarment
      Energy Transfer L.P., EPA Case No. 22-1216-00
      ETC Northeast Pipeline LLC, EPA Case No. 22-1216-01
      Sunoco Pipeline L.P., EPA Case No. 22-1216-02
      SemGroup, LLC (f/k/a SemGroup Corporation), EPA Case No. 22-1216-03
      LE GP, LLC, EPA Case No. 22-1216-04

To Energy Transfer L.P., ETC Northeast Pipeline LLC, Sunoco Pipeline L.P., SemGroup, LLC, and LE GP, LLC:

By this Notice, I am notifying Energy Transfer L.P., ETC Northeast Pipeline LLC, Sunoco Pipeline L.P., SemGroup, LLC, and LE GP, LLC (collectively, the Respondents) that the Environmental Protection Agency (EPA) has proposed the Respondents for debarment. I have taken this action based on an Action Referral Memorandum (ARM) submitted to me by the EPA Suspension and Debarment Division Counsel (Debarment Counsel), which is enclosed with this Notice.

**The reasons for the action:**

On August 5, 2022, ETC Northeast Pipeline LLC was convicted in the Court of Common Pleas of Dauphin County (Pennsylvania) on one count each of Prohibition Against Discharge of Industrial Waste, 35 P.S. § 691.301—Failure to Maintain Effective Erosion and Sediment Control Devices; Prohibition Against Other Pollutions, 35 P.S. § 691.401—Failure to Maintain Effective Erosion and Sediment Control Devices; Potential Pollution, 35 P.S. § 691.402(B)—Failure to Maintain Effective Erosion and Sediment Control Devices; Unlawful Conduct, 35 P.S. § 691.611—Failure to Maintain Effective Erosion and Sediment Control Devices; Prohibition Against Discharge of Industrial Wastes, 35 P.S. § 691.301—Failure to Provide Temporary Stabilization; Prohibition Against Other Pollutions,

35 P.S. § 691.401—Failure to Provide Temporary Stabilization; Potential Pollution, 35 P.S. § 691.402(B)—Failure to Provide Temporary Stabilization; Unlawful Conduct, 35 P.S. § 691.611—Failure to Provide Temporary Stabilization; and Unlawful Conduct, 35 P.S. § 691.611—Failure to Follow Permit.

On August 5, 2022, Sunoco Pipeline L.P. was convicted in the Court of Common Pleas of Dauphin County (Pennsylvania) on one count each of Unlawful Conduct, 35 P.S. § 691.611—Failure to Notify the Department of Environmental Protection; Unlawful Conduct, 35 P.S. § 691.611—Use of unapproved additives; and Prohibition Against Discharge of Industrial Wastes, 35 P.S. § 691.301—Contamination of Private Drinking Water Supplies; and on eleven counts of Prohibition Against Discharge of Industrial Wastes, 35 P.S. § 691.301—Inadvertent Returns (various counties).

Energy Transfer L.P., SemGroup, LLC, and LE GP, LLC are proposed for debarment based on affiliation principles.

**The cause relied upon for the action against ETC Northeast Pipeline LLC and Sunoco Pipeline L.P.:**

FAR 9.406-2(a)(5): Commission of any other offense indicating a lack of business integrity or business honesty that seriously and directly affects ETC Northeast Pipeline LLC's and Sunoco Pipeline L.P.'s present responsibility.

I find that cause for the debarments of ETC Northeast Pipeline LLC and Sunoco Pipeline L.P. is established by a preponderance of the evidence in the record. Moreover, I find that there is a rational connection between the criminal conduct of ETC Northeast Pipeline LLC and Sunoco Pipeline L.P. and their respective abilities to participate responsibly under Federal procurement or non-procurement programs.

**The cause relied upon for the action against the affiliated Respondents, Energy Transfer L.P., SemGroup, LLC, and LE GP, LLC:**

FAR 9.403, 9.406-1(b): The debarring official may extend the debarment decision to include any affiliates of the contractor if they are - (1) Specifically named; and (2) Given written notice of the proposed debarment and an opportunity to respond. Energy Transfer L.P., SemGroup LLC, and LE GP LLC are each affiliates of both ETC Northeast Pipeline LLC and Sunoco Pipeline L.P. *See* ARM, ¶¶19-24.

**The EPA's procedures governing suspension or debarment decision-making:**

**NOTE: All contest submissions must be transmitted via email rather than hardcopy format. If the Respondents are unable to submit documents electronically, please contact the Suspension and Debarment Hearing Officer to discuss alternate arrangements for submitting information in hard copy. Respondents have the option of requesting either an in-person meeting with the Suspension and Debarment Official or a meeting via video-teleconferencing (if available for all parties to the proceedings).**

If the Respondents decide to oppose this action, the Suspension and Debarment Hearing Officer, Debarment Counsel, and I will serve separate functions in the adjudication and resolution of this case.

Requesting the Action Referral Memorandum exhibits: The Action Referral Memorandum is enclosed with this Notice. To request the exhibits cited in the Action Referral Memorandum, please contact the Suspension and Debarment Hearing Officer.

Deadline to contest: Within 30 days of receipt of this Notice, the Respondents or the Respondents' representative should provide the EPA with information in opposition to this action in writing or should contact the Suspension and Debarment Hearing Officer to make arrangements to appear and present information in opposition at a meeting. Failure to do so will result in a debarment by default.

Providing information in opposition in writing: Written submissions should be sent electronically to the Suspension and Debarment Hearing Officer, and Debarment Counsel, and me, at the email addresses provided below. Please note that emails to the EPA, including any attachments, cannot exceed 25 MB and the filenames of attachments should be 128 characters or less and not include any special characters.

Requesting a meeting: The Respondents may also contact the Suspension and Debarment Hearing Officer to request a meeting with me, called a Presentation of Matters in Opposition (PMIO) meeting. Such meetings may be held either in-person, via teleconference, or via videoconference. In-person meetings are held in my offices at the Ronald Reagan Building, 1300 Pennsylvania Avenue NW, Washington, DC. PMIO meetings are conducted in an informal business meeting format. PMIO meetings are recorded by a court reporter, and the Respondents may make arrangements to purchase a transcript, once the transcript becomes available. Any information provided orally at the meeting that the Respondents consider important, however, must also be submitted in writing for the official record.

Contents of the Respondents' contest: If the Respondents contest this action, in addition to any information and argument in opposition, the Respondents' contest submission must identify all of the following:

    (a) Specific facts with supporting documentary evidence that contradict the statements contained in this Notice. A general denial is insufficient to raise a genuine dispute over facts material to the suspension or proposed debarment;

    (b) All existing, proposed, or prior exclusions under the Federal Acquisition Regulation (FAR) or Non-procurement Common Rule at 2 C.F.R. Part 180 and all similar actions taken by Federal, State, or local agencies, including administrative agreements that affect only those agencies;

    (c) All criminal and civil proceedings not included in this Notice that grew out of facts relevant to the causes stated in this Notice; and

    (d) All of the Respondents' affiliates, as defined at 2 C.F.R. § 180.905 or FAR 9.403.

If the Respondents fail to disclose this information, or provide false information, the EPA may seek further criminal, civil, or administrative action against the Respondents, as appropriate.

Contested case procedures: The Suspension and Debarment Hearing Officer will provide Debarment Counsel with an opportunity to respond to the Respondents' information in opposition to this action. The

Respondents will then be afforded an opportunity to reply to Debarment Counsel's response(s). When the record is complete, the Suspension and Debarment Hearing Officer will close the record and provide the Respondents with a date when the Respondents may anticipate receiving my decision.

It is important to note that suspension or debarment is not imposed for the purpose of punishment. It is a discretionary measure used to ensure that the Government conducts business with responsible persons. Accordingly, I will consider any information the Respondents wish to provide that the Respondents believe will assist me in making a determination.

## Disclaimers:

Confidential Business Information: It is the Respondents' responsibility to claim information as Confidential Business Information (CBI), when applicable, on any information submitted to or presented to the EPA.

Parallel Proceedings: Information submitted to the EPA in response to this Notice will be part of the official record for the suspension or debarment proceeding, but could also be used in any other administrative, criminal, or civil proceeding.

False Statements: Meetings between the Respondents and the Suspension and Debarment Official are not conducted under oath, but written and oral submissions to the EPA are subject to the U.S. Criminal Code at Title 18, Section 1001, which provides that knowingly falsifying or concealing a material fact is a felony which may result in fines and/or up to five years in prison.

## EPA contact information:

Acting Suspension and Debarment Official:

>   Nicholas Holtz
>   Suspension_Debarment@epa.gov

Suspension and Debarment Hearing Officer:

>   Emily Wald
>   Wald.Emily@epa.gov
>   202-564-1523

Suspension and Debarment Division Counsel:

>   Jennifer Lin
>   Lin.Jennifer@epa.gov
>   202-564-9778

## The effect of the issuance of this Notice:

- The Respondents' names have been published in the System for Award Management's (www.SAM.gov) exclusion list maintained by the General Services Administration, which contains the names of persons debarred, suspended, proposed for debarment under the FAR, or declared

  ineligible by any agency of the Federal Government. The exclusions are effective throughout the executive branch of the Federal Government and apply to procurement and non-procurement programs.

- Offers will not be solicited from, contracts will not be awarded to, existing contracts will not be renewed or otherwise extended, and subcontracts requiring Government consent will not be consented to for the Respondents by any agency in the executive branch of the Federal Government unless the head of the agency taking the contracting action or a designee state in writing the compelling reason for continued business dealings between the Respondents and the agency.

- The Respondents may not conduct business with the Federal Government as agents or representatives of other contractors, nor may the Respondents act as individual sureties for other contractors.

- No Government contractor may award any Respondent a subcontract in excess of $35,000 unless there is a compelling reason to do so, and the contractor first notifies the contracting officer and further complies with the provisions of FAR 9.405-2(b).

- No agency in the executive branch shall enter into, renew, or extend primary or lower-tier covered transactions in which any Respondent is either a participant or principal, unless the head of the agency grants an exception in writing. Covered transactions are defined at 2 C.F.R. Part 180, Subpart B.

- The Respondents may not act as agents or representatives of other participants in federal assistance programs.

- The Respondents' affiliation with or relationship to any organization that reasonably may be expected conduct business with the Government will be carefully examined to determine the impact of those ties on the responsibility of that organization to be a Government contractor or to receive federal assistance.

**<u>Debarment period and factors considered:</u>**

Debarment generally is for a period not to exceed three years. However, Debarment Counsel, has recommended that I consider a ten-year debarment period and I will consider that recommendation. Regardless of whether the Respondents respond to this Notice, I may impose debarment for a longer or shorter period as the circumstances warrant. The length of a debarment, if imposed, will be based on the seriousness of the cause(s) for action. I also will take into account any mitigating or aggravating factors that may apply.

**Additional information:**

For information about the EPA Suspension and Debarment Program and access to the regulations governing suspension and debarment actions initiated by the EPA, please see https://www.epa.gov/grants/suspension-and-debarment-program.

Sincerely,

Holtz, Nicholas  
Digitally signed by Holtz, Nicholas  
Date: 2022.10.28 10:36:04 -04'00'

Nicholas Holtz  
EPA Acting Suspension and Debarment Official

Enclosures  
CC:   Official Case File  
         EPA Debarment Counsel