UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Standing Rock Sioux Tribe, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:24-cv-02905 |
| U.S. Army Corps Engineers; Michael Connor, in his capacity as Assistant Secretary; Col. Robert J. Newbauer, in his capacity as Omaha District Commander; Brig. Gen. Geoff Van Epps, in his capacity as Northwestern Division Commander, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S RESPONSE TO
STATE OF NORTH DAKOTA'S MOTION TO INTERVENE**

Plaintiff Standing Rock Sioux Tribe ("Tribe"), through undersigned counsel, hereby files this Response to the State of North Dakota's Motion to Intervene as a Defendant Intervenor.

The Tribe takes no position on the State of North Dakota's intervention as defendant.[1] In filing its Motion, the State of North Dakota has failed to comply with FRCP 24(c) and LvCR 7(j) requiring a responsive pleading to be filed along with a Motion to Intervene. This renders the tribe unable to fully assess, for purposes of responding to the Motion, the proposed-intervenor's positions on the specific allegations contained in the Complaint or any affirmative defenses that may be alleged by the proposed-intervenor, or how these responses and defenses may overlap or mirror those asserted by the federal defendants. In light of these concerns and the lack of any

---

[1] Given this position, the Tribe declines at this time to address the voluminous supporting materials submitted with the State of North Dakota's Motion, which contain factual assertions that the Tribe disputes. The Tribe reserves the right to raise objections and to challenge any such factual assertions should the State of North Dakota seek to admit the same for any purpose beyond requesting intervention.

request by the State of North Dakota in its Motion to defer the submission of a responsive pleading, the Tribe requests that this Court require the State of North Dakota to comply with the applicable procedural rules as written.

Additionally, the Tribe is concerned that the State of North Dakota is only the first of what could be multiple proposed defendant-intervenors in this case. For example, the operator of the Dakota Access Pipeline, Energy Transfer LP, has made public statements though Security and Exchange Commission filings that it also intends to intervene in this proceeding. *See* Energy Transfer LP, Form 10-Q (November 7, 2024), Section 10: Regulatory Matters, Commitments, Contingencies and Environmental Liabilities at page 27 (referencing this civil action and confirming that the company "intends to intervene in that lawsuit at the appropriate time."). (https://www.sec.gov/ix?doc=/Archives/edgar/data/1276187/000127618724000108/et-20240930.htm) (last accessed November 21, 2024).

These multiple intervenors, including the State of North Dakota and Energy Transfer LP, have substantially similar interests and seek the same result – to keep the Dakota Access Pipeline operational despite the lack of an easement or compliance with federal law as described in the Tribe's Complaint. This prospect of multiple defendant-intervenors has the potential to result in multiple overlapping merits briefs, needlessly consuming party and judicial resources.

Should this Court grant the State of North Dakota's Motion to Intervene, this Court should exercise its discretion to circumscribe participation by the State of North Dakota, and any and all other intervenors, so as to limit duplicative briefing through a requirement that all intervenors coordinate briefing on all issues going to the merits of the case.

This District has done so before, including where a state is included among the intervenors in a case. In *Earthworks v. U.S. Dep't of Interior*, No. CIV.A. 09-01972 HHK, 2010

WL 3063143 (D.D.C. Aug. 3, 2010), this District Court ruled, after finding the State of Alaska met the F.R.C.P. 24 test for intervention, that "[t]he Court is wary of excessive briefing in this case, however, and will therefore grant a request by plaintiffs to limit Alaska's participation in it. Accordingly, Alaska shall consult with the federal defendants and intervenor-defendants as this case proceeds and may only present to the Court arguments that those other parties do not advance." *Earthworks*, 2010 WL 3063143, at *2.

    The Tribe requests that this Court follow the *Earthworks* precedent and similarly limit excessive briefing in this case.

Respectfully submitted,

*Jeffrey C. Parsons*
Jeffrey C. Parsons
Parsons Law Office
2205 W. 136th Avenue, Suite 106-311
Broomfield, CO 80023
Phone: 720-203-2871
Email: jeff@parsonslawoffice.com
Pro hac vice

Peter Capossela
Attorney at Law, PC
Post Office Box 10643
Eugene, Oregon 97440
(541) 505-4883
pcapossela@nu-world.com
Pro hac vice

William S. Eubanks II
D.C. Bar No. 987036
Eubanks & Associates, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(970) 703-6060
bill@eubankslegal.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of November 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*Jeffrey C. Parsons*