UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Standing Rock Sioux Tribe, | ) |
| Plaintiff, | ) |
| v. | ) |
| U.S. Army Corps Engineers; Michael Connor, in his capacity as Assistant Secretary; Col. Robert J. Newbauer, in his capacity as Omaha District Commander; Brig. Gen. Geoff Van Epps, in his capacity as Northwestern Division Commander, | ) Case No. 1:24-cv-02905-JEB |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO NORTH DAKOTA'S MOTION TO INTERVENE**

Defendants (U.S. Army Corps Engineers; Michael Connor, in his capacity as Assistant Secretary; Col. Robert J. Newbauer, in his capacity as Omaha District Commander; Brig. Gen. Geoff Van Epps, in his capacity as Northwestern Division Commander) hereby respond to the Motion to Intervene by the State of North Dakota (Dkt. 10). As North Dakota has stated, Defendants do not oppose permissive intervention under Rule 24(b). Dkt. 10-1 at 1.

With respect to Rule 24(a), Plaintiff brings its case under the Administrative Procedure Act, seeking either judicial review of alleged agency action under 5 U.S.C. § 706(2), or to compel agency action allegedly unreasonably delayed or unlawfully withheld under § 706(1). *See* Compl. ¶¶ 104, 105, 110, 111, 117, 118, 129, 130, 151, 152, Dkt. 1. Under those causes of action, the judicial remedy is, respectively, to remand the action to the agency for further consideration (and perhaps

vacatur of that action), *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985), or to compel the agency to act without directing how the agency should act. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64–65 (2004).

Were Plaintiff seeking those standard requests for relief, we think it unlikely the Complaint would implicate the State of North Dakota's ability to protect its interest for purposes of Rule 24(a), or at least not in a way that would not be adequately represented by Defendants.

This case, however, is different. Though Plaintiff's Complaint is styled as arising under the APA, Plaintiff seeks equitable and mandatory relief not tethered to its causes of action. Plaintiff instead demands, among other things, an injunction mandating that Defendants order a cessation of pipeline operations. Compl. Prayer for Relief. Thus, under the circumstances here, and although we deny that Plaintiff is entitled to the relief it seeks, we do not oppose North Dakota's request for intervention under Rule 24(a).

Dated this 21st day of November, 2024.

                Respectfully submitted,

                TODD KIM
                Assistant Attorney General
                U.S. Department of Justice
                Environment and Natural Resources Division

                */s/Peter Kryn Dykema*
                Peter Kryn Dykema
                Sarah Izfor
                Cameron Hinojos
                U.S. Department of Justice
                Environment and Natural Resources Division
                Natural Resources Section
                P.O. Box 663
                Washington, D.C. 20044-0482
                peter.dykema@usdoj.gov
                Sarah.Izfar@usdoj.gov
                Cameron.Hinojos@usdoj.gov

                Phone: (202) 305 0436
                Fax: (202) 305 0274
                Attorneys for Defendants

Electronically filed.