# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STANDING ROCK SIOUX TRIBE**, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| **U.S. ARMY CORPS OF ENGINEERS; MICHAEL L. CONNOR; ROBERT NEWBAUER; GEOFF VAN EPPS**, | § § § § § | |
| *Defendants*, | § § | Case No. 1:24-cv-02905-JEB |
| **STATE OF NORTH DAKOTA**, et al., | § § § | |
| *Defendant-Intervenors*, | § § | |
| **DAKOTA ACCESS, LLC,** 8111 Westchester Drive, Suite 600, Dallas, Texas 75225, | § § § § § | |
| *Proposed Defendant-Intervenor.* | § | |

## DAKOTA ACCESS, LLC'S UNOPPOSED MOTION FOR
## LEAVE TO INTERVENE IN SUPPORT OF DEFENDANTS

Dakota Access, LLC ("Dakota Access"), by and through its undersigned counsel, hereby respectfully moves for leave to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or alternatively, for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) in this matter.[1]  Plaintiff seeks to terminate further operation of the Dakota Access

---

[1] Pursuant to Local Civil Rule 7(n), counsel for Dakota Access contacted counsel for Plaintiff, the federal Defendants, and the existing Defendant-Intervenors to request their views on the appropriate disposition of this Motion. Counsel for Plaintiff informed Dakota Access that Plaintiff takes no position on Dakota Access's Motion. Counsel for the federal Defendants informed Dakota Access that the government intends to file a response indicating non-opposition. Counsel for the State of North Dakota indicated that North Dakota does not oppose this Motion. Counsel for the State of Iowa informed Dakota Access that the remaining Intervenor-Defendants also do not oppose this Motion.

Pipeline Project ("DAPL" or "Project"), which transports crude oil from near Stanley, North Dakota to Patoka, Illinois.

As set forth in the attached memorandum, Dakota Access satisfies the requirements for intervention as of right under Rule 24(a)(2). First, this motion is timely. Second, Dakota Access has an interest in the property and transactions that are the subject of this litigation. Dakota Access is a limited liability company formed to construct and own DAPL. Dakota Access's beneficial owners also have financial interests in downstream crude transportation operations as well as contractual obligations and rights that will be affected if DAPL is forced to stop operating. As a result, Dakota Access and its beneficial owners have a significant protectable interest in the outcome of this litigation. Third, the relief requested by Plaintiff in this action could have a material impact on Dakota Access because Plaintiff is requesting that the Court issue immediate injunctions with the intent of stopping further operation of DAPL. And fourth, the existing Defendants will not adequately represent Dakota Access's interests.

In the alternative, Dakota Access should be permitted to intervene under Rule 24(b)(1)(B). Dakota Access's interests go to the validity of Defendants' processes and procedures relating to the permits, authorizations, and verifications for DAPL and involve the identical questions of law and fact that are raised by Plaintiff's suit. Dakota Access's intervention would cause no delay or prejudice to the parties because Dakota Access would be participating from the case's inception and would abide by procedures imposed by the Court.

Dakota Access has conferred with counsel for the Plaintiff, the federal Defendants, and the Defendant-Intervenors. No party opposes Dakota Access's intervention. *See supra* note 1.

## CONCLUSION

For the foregoing reasons and those stated in the accompanying memorandum, Dakota Access should be granted leave to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). Alternatively, Dakota Access should be granted leave for permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B).

Dated:  December 18, 2024                                  Respectfully submitted,

*/s/ William S. Scherman*

William S. Scherman (D.C. Bar No. 384860)
Ronald J. Tenpas (D.C. Bar No. 981074)
Jason J. Fleischer (D.C. Bar No. 978810)
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6588
Facsimile: (202) 639-6604
Email: wscherman@velaw.com
Email: rtenpas@velaw.com
Email: jfleischer@velaw.com

*Counsel for Dakota Access, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of December 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

Dated:  December 18, 2024        Respectfully submitted,

*/s/ William S. Scherman*
William S. Scherman (D.C. Bar No. 384860)
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6588
Facsimile: (202) 639-6604
Email: wscherman@velaw.com

*Counsel for Dakota Access, LLC*